949 F.2d 400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael J. JONES, Defendant-Appellant.
 No. 90-50494.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 8, 1991.
Decided Dec. 5, 1991.
 
 Before SNEED, BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael J. Jones conditionally pleaded guilty to possession with intent to distribute phencyclidine (PCP) in violation of 21 U.S.C. § 841(a)(1). He appeals the district court's denial of his motion to suppress evidence. We have jurisdiction and affirm.
 
 
 3
 Special Agent James C. Jeffery of the Drug Enforcement Agency (DEA), and Detective Michael Mulrenin of the Los Angeles Police Department, approached Jones after observing him acting suspiciously while on the telephone at the Los Angeles International Airport. Mulrenin asked Jones if they could speak with him. Jones agreed. Detective Mulrenin sat next to Jones and informed him that he was not under arrest, was free to leave and did not have to talk to them. [SER 2]
 
 
 4
 Mulrenin asked Jones where he was flying, and Jones told him. Mulrenin then asked to see Jones' ticket. Jones handed Mulrenin his travel documents. The documents showed a one way ticket issued to Andre Fletcher, paid for in cash on that same day. Jones was approached at approximately 5:00 p.m.; his plane was scheduled to leave at 5:20 p.m. [SER 1-2]
 
 
 5
 After Detective Mulrenin examined the ticket, he handed it to Agent Jeffery. The ticket was never returned. Mulrenin asked Jones for his identification. He said that he did not have any identification, but his name was Michael Jones. Detective Mulrenin asked Jones for permission to search the small blue suitcase he was carrying. Again, Jones consented. Detective Mulrenin discovered three, one-quart "Listerine" bottles containing an amber colored liquid. Detective Mulrenin asked Jones the contents of the bottles. Jones replied, "Listerine." The detective then opened one of the bottles, and after a few seconds noticed the strong odor of ether. Mulrenin concluded that the liquid was PCP, and arrested Jones.
 
 
 6
 Jones was charged with possession of PCP with intent to distribute. He filed a motion to suppress, arguing that he had been unconstitutionally detained. The district court denied Jones' motion and Jones conditionally pleaded guilty. Jones timely appeals the judgment.
 
 DISCUSSION
 
 7
 This court reviews de novo the district court's denial of a motion to suppress. United States v. Low, 887 F.2d 232, 234 (9th Cir.1989). The district court's factual determinations at a suppression hearing are upheld unless clearly erroneous. Id.
 
 
 8
 Jones argues that a detention occurred when the agents retained his travel documents. A person is "seized" in violation of the Fourth Amendment if, in view of all surrounding circumstances, a reasonable person would not feel free to leave. United States v. Mendenhall, 446 U.S. 544 (1980); Low, 887 F.2d at 234. "The retention of an airplane ticket beyond the interval required for the appropriate brief scrutiny, may constitute a 'watershed point' in the seizure question." Low, 887 F.2d at 235, (citation omitted); see also United States v. Elsoffer, 671 F.2d 1294, 1297 (11th Cir.1982) (retention of defendant's ticket and identification while interrogating him was a detention).
 
 
 9
 The district court found that the ticket was not retained longer than necessary to read and understand it. [SER 24] Mulrenin testified that approximately two minutes lapsed from the time the officers approached Jones until the time they requested consent to search Jones' suitcase, where the PCP was discovered. [SER 18] The district court found that while one officer was examining the ticket, the other was asking questions. [SER 22] These facts do not suggest that the retention lasted longer than the period required for brief scrutiny. In both Elsoffer and Low, the examination of the defendants tickets had ended, yet the tickets were retained for an extended period of time during questioning. Furthermore, while their tickets were retained, they were taken to another location where their bags were searched. Low, 887 F.2d at 234; Elsoffer, 671 F.2d at 1296.
 
 
 10
 The district court did not err in finding that Jones was not detained. "If there is no detention--no seizure within the meaning of the Fourth Amendment--then no constitutional right has been violated." Florida v. Royer, 460 U.S. 491, 498 (1983). Accordingly, the district court's judgment is
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3